IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 88-575

IN RE THE MARRIAGE OF
KATHRYN LOUISE CHASE, a/k/a
KATHRYN LOUISE WISE,
     Petitioner and Respondent,

   and

STEVEN ELL CHASE,
     Respondent and Appellant.

)
)     O R D E R
)

The initial opinion in this cause was decided and filed with the Clerk of this Court on March 30, 1989. As a result of the petition for rehearing on the part of the appellant, the Court has concluded that the original opinion should be withdrawn and a revised opinion substituted.

IT IS ORDERED:

1. That the original opinion in this cause shown as having been submitted on briefs February 23, 1989, and decided March 30, 1989, is withdrawn.

2. That the revised opinion in this cause, which is shown to have submitted on briefs February 23, 1989, and decided April 27, 1989, is substituted as the final opinion in the above cause.

DATED this 27th day of April, 1989.

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Steven Chase appeals from an order granted by the District Court for the Eleventh Judicial District, Flathead County, modifying certain portions of a divorce decree and a subsequent order relating to visitation of the Chase's four children. The issue presented for our review is whether the District Court erred in granting respondent's motion to modify. Steven argues that the motion should have been denied because it had no foundation in statute. He also argues that the motion should have been denied on several procedural grounds. We affirm the granting of the modification order.

Steven and Kathryn Chase were granted a Decree of Dissolution on February 19, 1987. Kathryn was granted sole custody of the parties' four minor children, with visitation and other matters set forth in the decree. In July, 1987, Steven moved to modify the decree, requesting a reduction in child support and modified terms of visitation. Following a hearing, the parties stipulated to certain modifications, including a joint custody arrangement. At the time of that arrangement, Kathryn lived in Kalispell, Montana, and Steven lived in Thousand Oaks, California.

Pursuant to the court's order, Kathryn was to remain primary residential custodian, with reasonable rights of visitation granted to Steven in accordance with the original decree and as modified. In the original decree, Steven was entitled to visit every other weekend, every other major holiday, and for 30 days each summer, with 48 hours notice required prior to any visitation. The modification order increased Steven's summer visitation period to 45 days each year, allowed him one-half the Christmas vacation period each year, and required a 30 day written notice to Kathryn with a

48 hour confirmation prior to any visitation. The court ordered that the parties share equally in the costs of transporting the children.

In June 1988, Kathryn moved for an order to modify or clarify the decree and its subsequent modification. Briefs were submitted and a hearing was held. The parties waived the making of a record at that hearing. In granting the motion, the court identified the splitting of transportation costs as the particular provision requiring modification or clarification. The court did not alter the number of visitation days granted to Steven. Finding Steven in a better position to meet the burden of covering transportation costs, the court ordered that:

1.  Respondent should be entitled to visitation on alternating weekends provided;

    a.  that such visitation occur in Flathead County, Montana or such other county as the Petitioner may reside at the time of visitation, and

    b.  that notice of such visitation shall be given 10 days in advance of such visitation, in writing, by Respondent to Petitioner.

2.  Respondent shall be entitled to visitation on alternating holidays as provided in the original decree, provided, however, that Respondent shall pay all costs of transportation for such visitation and, further, that notice of such visitation shall be given at least 20 days in advance of such visitation, in writing, by Respondent to Petitioner.

3.  The Respondent shall be entitled to a visitation for a total period of 45 days during the summer between June 10 and August 20 of each year provided:

3

a.  that the parties shall equally share the cost of transportation of the children for that visitation with the Respondent paying the cost of having the children transported from the Petitioner's residence to his residence and the Petitioner paying the cost of having the children re-transported from the Respondent's residence to her residence, and

b.  that notice of such visitation shall be given no later than April 15 of each year for which visitation is to be exercised, in writing, by Respondent to Petitioner.

It is from this order that Steven appeals. He argues that Kathryn's motion to modify or clarify has no foundation in the statute because she failed to allege how modification would serve the "best interests of the children" as required by § 40-4-217, MCA, nor did the District Court make any findings in that regard. The record before us is incomplete. We cannot determine from the record if there was a hearing held on Kathryn's motion. No transcript was made. Steven argues that the matter was submitted on briefs without a hearing. The court's order dated September 15, 1988, indicated that a hearing on the motion had been held and the court had been advised. We therefore consider the issue without the benefit of findings of fact or transcript.

The argument on the part of the Steven that the matter should be returned for further consideration of the best interests of the children disregards the essence of the order of September 15, 1988. The visitation rights on the part of both Steven and Kathryn were not modified by that order. As appears above, the primary purpose of the modification was to established the manner of sharing the costs of transportation. The aim on the part of the District Court was to clarify a previous custody order so as to make the visitation more workable. The parties had been before the court a

4

number of times requesting the court to judicially resolve various issues upon which they could not reach agreement. We conclude there is no adequate record from which this Court may review the issue of the best interests of the children. We further conclude that the present record does not disclose that the modification affected the best interests of the children. We hold that Steven has failed to demonstrate a basis for reversal of the order of September 15, 1988.

Steven next makes a number of procedural arguments for setting aside the order of the District Court. First, Steven contends that Kathryn's motion to modify or clarify was not timely. He argues that because no "changed circumstances" were alleged, the motion was actually one to alter or amend the judgment under Rule 59(g), M.R.Civ.P., which must be made within 10 days. Alternatively, he proposes that the motion is one to modify because of a mistake of fact under Rule 60, M.R.Civ.P., which must be made within 60 days after entry of judgment. Rule 60(b), M.R.Civ.P. Since Kathryn's motion was made 120 days after the District Court's order, Steven argues that it should have been dismissed as untimely under either of the above stated rules.

Kathryn's motion was brought pursuant to § 40-4-217, MCA, which allows the court to modify a visitation order whenever modification would serve the best interest of the child. Section 40-4-217(3), MCA. There is no requirement that the movant show changed circumstances under this statute, although the court "shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health." Section 40-4-217(3), MCA. This standard has been held to be the same standard used to judge the modification of custody decrees in § 40-4-219, MCA, which requires a showing of "changed circumstances." Matter of

5

R.L.S. v. Barkhoff (1983), 207 Mont. 199, 209-10, 674 P.2d 1082, 1087. In this case, however, the District Court was not restricting either parent's visitation rights. The number of days which Steven was entitled to visit the children remained the same, and only the required notice and transportation costs were altered by the court. We conclude that there is no reason to ignore the form in which Kathryn's motion was presented to the court. Since § 40-4-217, MCA, contains no time limitations, we hold that Steven's claim under Rules 59 and 60, M.R.Civ.P. fails.

Steven also argues that the District Court's ruling on motions under either Rules 59 or 60, M.R.Civ.P., must be made within 45 days, and since it was not so made in this case, the motion should be deemed denied. Kathryn's motion to modify was not made pursuant to Rule 59 or Rule 60, M.R.Civ.P. This argument is therefore without merit.

Steven argues that Kathryn's failure to file a brief in support of her motion until 45 days after the motion was filed should result in a summary denial under Rule 2, Uniform District Court Rules, which states in pertinent part:

> (b) Failure to file briefs may subject the motion to summary ruling. Failure to file a brief within five days by the moving party shall be deemed an admission that the motion is without merit. Failure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken. Reply briefs by movant are optional, and failure to file will not subject a motion to summary ruling.

We note that Steven obtained an extension of time by stipulation of the parties under which his answer brief was filed nearly 60 days after Kathryn's brief was filed.

The District Court did not specifically rule on the Rule 2 objection. Clearly the District Court did not deem the

failure to comply with the filing of the briefs as an admission that the motion was without merit. It considered the matter on the merits. Under subparagraph (d) of Rule 2, the District Court is given the discretion to enlarge the time allowed in which a motion is to be deemed submitted. While the court did not specifically enlarge the time by order, it accepted the briefs on the part of both parties without regard to the time constraints of Rule 2(b). In the absence of any showing by the record that the District Court committed an abuse of discretion, we will not overturn the decision of the lower court. We hold there is no reversible error on the procedures before the District Court.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices